Filed 3/13/14  Zock v. Esparza CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ROBERT NORMAN ZOCK, Individually and as Trustee, etc., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> SCOTT J. ESPARZA et al., <br><br> Defendants and Respondents. | D062784 <br><br><br> (Super. Ct. No. 37-2011-00090286-CU-OR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, John S. Meyer, Judge.  Reversed in part, affirmed in part, and remanded with directions.

Olsen Law Offices and Christopher Alexander Olsen for Plaintiff and Appellant.

No appearance for the Defendants and Respondents.

Plaintiff and appellant Robert Norman Zock, individually and on behalf of the R.N. Zock Family Trust, appeals from a judgment awarding Civil Code section 1717[1] attorney fees to defendants Scott J. Esparza, Scott J. Esparza & Co. Bail Bonds, and Continental Heritage Insurance Co. on a finding that defendants were the prevailing parties. Zock contends the trial court abused its discretion in making its prevailing party determination because he achieved his main litigation objective and recovered the greater net monetary judgment in the action.

None of the defendants have filed a respondent's brief in this matter. California Rules of Court, rule 8.200 states: "Each respondent must serve and file a respondent's brief." (Cal. Rules of Court, rule 8.200(a)(2).) This rule provides that if the respondent does not timely file a brief, this court "may decide the appeal on the record, the opening brief and any oral argument by the appellant." (Cal. Rules of Court, rule 8.220(a)(2).) We elect to do so, and will not treat defendants' failure to file a respondent's brief as a default or an admission that the trial court erred. (*In re Marriage of Riddle* (2005) 125 Cal.App.4th 1075, 1078, fn. 1.) Rather, the better practice is to examine the record on the basis of Zock's brief and reverse only if prejudicial error is found. (See *In re Bryce C.* (1995) 12 Cal.4th 226, 232-233.) Undertaking that analysis, Zock has shown a prejudicial abuse of discretion. The judgment to the extent it declares defendants to be the prevailing parties for purposes of section 1717 attorney fees is without any reasonable

---

[1] All further statutory references are to the Civil Code.

basis or supporting evidence.  Accordingly, we reverse that part of the judgment and remand with directions set forth below.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2011, Zock on behalf of himself and the R.N. Zock Family Trust sued defendants for fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful foreclosure, elder abuse, declaratory relief, injunctive relief, and an accounting.  In part, he alleged that after he negotiated to secure a $145,000 bail bond for his daughter, Danielle Zock, Scott J. Esparza & Co. Bail Bonds, doing business as ACME Bail Bonds (Acme), demanded a $14,500 renewal fee despite the fact, among others, that Acme's agents had agreed to waive the fee when the bail bond agreement was executed.  The bail bond agreement executed by Zock provides in part that he would agree "[t]o pay the Second Party or Surety, in the event that it is necessary for them to institute suit for a breach of this agreement, a reasonable attorney's fee which shall, in no event, be less than the sum of twenty-five dollars ($25.00)."

The matter proceeded to a bench trial on all of Zock's causes of action.  Zock's counsel explained at the outset that the primary relief his client sought was a judicial declaration that he was not bound by the annual renewal fee.  His theory was that, notwithstanding the written bail agreement, defendants had waived their right to recover that fee.  Defendants' position was that they did not waive the fee, and had an enforceable integrated contract obligating Zock to pay it.  During the course of trial, the court

3

confirmed that "the only issue in this case is waiver."[2]  To that end, Zock testified that the person with whom he met from Acme, Cathy Kessler, spoke with her manager, William Burns, who instructed her to tell Zock they would waive the fees to renew the bond so it would not be a concern for him.  Kessler testified she told Zock Acme would waive the renewal fee.  Burns similarly testified he instructed Kessler to do so after she spoke with Esparza.

In closing arguments, Zock's counsel argued that the "very narrow issue in this case is whether or not the parties agreed to [an] annual renewal fee."  He pointed out that every person present during the bond's negotiation agreed that the fee had been waived.  Counsel reiterated that "primarily the remedy that plaintiffs are looking for [is] that the annual renewal fee not be enforced, that the plaintiffs be allowed to pay off the other amounts that are costs that were associated . . . ."[3]

Thereafter, the court entered a judgment (1) that Zock take nothing on his complaint against defendants; (2) awarding Acme $4,660[4] against Zock on behalf of

---

[2]      "The Court:  So the only issue in this case is waiver.  [¶]  [Zock's counsel]: Exactly that's exactly right.  [¶]  The Court:  Right?  [Zock's counsel]:  Yes."

[3]      Zock's counsel argued the case was "not about going after Mr. Esparza [and] not going after [Acme].  . . .  What's in dispute is the annual renewal fee.  . . .  So to that extent plaintiffs simply request that the court order that the annual renewal fee not be enforced, and that we just move on with everything else from there."

[4]      This award appears to be based on a $337.50 premium tax that Acme owed to the State; $1,500 owed by Acme to the surety; a $1,381 balance on the initial premium owed by Zock; and $1,450 for one month of prorated premium.  Danielle Zock testified she was willing to pay the balance owed to Acme on the initial premium, but not another premium.

himself and the R.N. Zock Family Trust; (3) declaring defendants to be the prevailing parties; and (4) ordering that Acme not take action to enforce its rights under the contracts with Zock, including the deed of trust, until 90 days from the court's entry of judgment.  Zock appeals from the judgment.

## DISCUSSION

### I.  *Standard of Review*

"The trial court exercises wide discretion in determining who, if anyone, is the prevailing party for purposes of attorney fees."  (*Cussler v. Crusader Entertainment, LLC* (2012) 212 Cal.App.4th 356, 366; see *Hsu v. Abbara* (1995) 9 Cal.4th 863, 871.)  Thus, we review the trial court's ruling for a manifest abuse of discretion, which occurs when the trial court acts in an " ' " ' "arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice," ' " ' " (*Cussler*, at p. 366) commits a prejudicial error of law, or makes necessary findings not supported by substantial evidence.  (*Silver Creek, LLC v. Blackrock Realty Advisors, Inc.* (2009) 173 Cal.App.4th 1533, 1539.)

### II.  *Prevailing Party Determination for Recovery of Section 1717 Attorney Fees*

Section 1717 provides in part:  "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.  [¶]  . . .  [¶]  . . .  The court, upon notice and motion by a party,

5

shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2) [relating to dismissal of action], the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section." (§ 1717, subds. (a) & (b)(1).)

"The phrase 'greater relief . . . on the contract' does not necessarily mean greater monetary relief. [Citation.] Under . . . section 1717, the trial court has discretion to determine who, if anyone, is the party prevailing on the contract. [Citation.] Nonetheless, . . . section 1717 also contemplates that a party prevailing on a contract will 'receive attorney fees as a matter of right . . . whenever the statutory conditions have been satisfied.' [Citations.] [¶] Accordingly, when the decision on a litigated contract claim 'is purely good news for one party and bad news for the other—the Courts of Appeal have recognized that a trial court has no discretion to deny attorney fees to the successful litigant. Thus, when a defendant defeats recovery by the plaintiff on the only contract claim in the action, the defendant is the party prevailing on the contract under . . . section 1717 as a matter of law. [Citations.]' [Citation.] It is only when the results of the litigation are 'mixed' that the statute 'reserve[s][to] the trial court a measure of discretion to find no prevailing party[.]' [Citation.] Upon final resolution of the contract claims, the trial court determines whether there is a prevailing party on the contract by comparing the relief awarded on the contract claim with the parties' demands and their litigation objectives." (*Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th

6

796, 806, italics omitted; see *Hsu v. Abbara*, *supra*, 9 Cal.4th at p. 876; see also *Silver Creek, LLC v. Blackrock Realty Advisors, Inc.*, *supra*, 173 Cal.App.4th at pp. 1538-1539.)

"The prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions." (*Hsu v. Abbara*, *supra*, 9 Cal.4th at p. 876; see *De La Cuesta v. Benham* (2011) 193 Cal.App.4th 1287, 1294.) "If neither party achieves *a complete victory* on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees." (*Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1109, italics added.) "[I]n determining litigation success, courts should respect substance rather than form, and to this extent should be guided by 'equitable considerations.' For example, a party who is denied direct relief on a claim may nonetheless be found to be a prevailing party if it is clear that the party has otherwise achieved its main litigation objective." (*Hsu*, at p. 877, italics omitted; *Silver Creek, LLC v. Blackrock Realty Advisors, Inc.*, *supra*, 173 Cal.App.4th at p. 1539.)

### III. *Analysis*

Zock contends the trial court abused its discretion by determining defendants to be the prevailing party without considering which party achieved its litigation objectives or the greater net monetary benefit through the litigation. He maintains that by achieving his objective of defeating defendants' claim to their $14,500 renewal fee, he both met his litigation objective and achieved the greater monetary net benefit.

7

The contention has merit. Though defendants sought to enforce the bond agreement and recover the $14,500 annual renewal fee (in addition to the unpaid balance and prorated amount of the bond plus interest), it did not prevail on that part of its claim. Thus, this case is plainly not one where defendants achieved a " 'simple, unqualified win' " (*Hsu v. Abbara*, *supra*, 9 Cal.4th at pp. 876-877) on the contract, entitling defendants to prevailing party fees with no discretion vested in the trial court to rule otherwise. (*Ibid.*; see *Scott Co. v. Blount, Inc.*, *supra*, 20 Cal.4th at p. 1109 [trial court exercises discretion where neither party achieves a complete victory on all the contract claims]; *De La Cuesta v. Benham*, *supra*, 193 Cal.App.4th at p. 1293 [simple, unqualified win on the contract takes a case out of the discretion clause of section 1717 and puts it into the entitlement clause].) Because defendants' result fell short of a complete victory, the trial court could not reasonably find defendants to be the prevailing party without exercising any discretion as to the parties' relative success or failure.

As to the court's discretion on that point, while it is broad, it is not unlimited. (*Silver Creek, LLC v. BlackRock Realty Advisors, Inc.*, *supra*, 173 Cal.App.4th at p. 1541; *De La Cuesta v. Benham*, *supra*, 193 Cal.App.4th at p. 1295.) "If the results in a case are lopsided in terms of one party obtaining 'greater relief' than the other in comparative terms, it may be an abuse of discretion for the trial court *not* to recognize that the party obtaining the 'greater' relief was indeed the prevailing party." (*De La Cuesta*, at p. 1295.)

This was the case in *Silver Creek LLC v. BlackRock Realty Advisors, Inc.*, *supra*, 173 Cal.App.4th 1533, in which the parties entered into agreements to purchase

commercial properties, but the plaintiff, Silver Creek, notified defendant it was terminating the agreements after a dispute arose regarding their terms. (*Id*. at p. 1536.) Silver Creek then filed an action for a declaration that its termination was valid, and it was entitled to retain the defendant's deposit. (*Ibid*.) The defendant cross-complained, alleging Silver Creek had breached certain obligations that rendered the purported termination invalid. (*Ibid*.) The trial court granted Silver Creek its requested declaratory relief and denied the defendant's cross-claims, but returned the defendant its deposit. (*Id*. at p. 1538.) The trial court denied Silver Creek's ensuing request for section 1717 attorney fees, reasoning that Silver Creek "did not 'win an unqualified victory' " because defendant obtained some relief, and it "could not 'determine . . . that one party has obtained greater relief than the other.' " (*Ibid*.)

This court reversed on grounds the court's finding was not supported by the evidence. (*Silver Creek LLC v. BlackRock Realty Advisors, Inc.*, *supra*, 173 Cal.App.4th. at p. 1540.) Specifically, this court held that Silver Creek's issue was "most important to the parties and 'greater' in terms of monetary value—about $29.75 million at issue for the properties versus about $1.13 million at issue for the deposit." (*Ibid*.) Thus, Silver Creek had achieved its main litigation objective, while the defendant failed to accomplish its desired goal even though it obtained the return of its deposit. (*Ibid*.) The record "indisputably" showed Silver Creek had obtained the greater relief on the contract, and the trial court abused its discretion by finding neither party achieved greater relief and denying it attorney fees under section 1717. (*Id*. at p. 1541.)

9

The court in *De La Cuesta v. Benham*, *supra*, 193 Cal.App.4th 1287 found a similar abuse of discretion. There, a landlord sued a tenant for unpaid rent of a commercial property, and requested $103,000 in damages. (*Id*. at p. 1291.) The tenant asserted she owed nothing in back rent, characterized by the Court of Appeal as an "extreme position . . . ." (*Id*. at p. 1296.) The landlord was awarded $69,500 in damages. (*Id*. at p. 1291.) Observing the landlord's win was not "unqualified," the appellate court pointed out he nevertheless got nearly 70 percent of what he sought whereas the tenant got zero percent. (*Id*. at pp. 1296, 1299.) Because the landlord obtained the greater part of his two litigation objectives: repossession and compensation for the tenant's occupation, the appellate court held the trial court abused its discretion in ruling there was no prevailing party. (*Id*. at p. 1299.)

Here, the trial court provided no explanation or reasoning for its conclusion, and we find no reasonable basis to support it. The record reveals Zock had conceded liability for the amounts ultimately recovered by defendants, but was given his "primar[y] . . . remedy" sought, namely, a determination that defendants had waived, and Zock was not responsible for paying, the $14,500 renewal fee provided for in the contract. Even though Zock did not obtain a monetary recovery on the contract, equitable considerations dictate a conclusion that he in fact achieved the *entirety* of his main litigation objective to *avoid* paying the fee, which was a substantially higher sum than the amount of defendants' award. Such " ' "equitable considerations must prevail over both the bargaining power of the parties and the technical rules of contractual construction." ' " (*Sears v. Baccaglio* (1998) 60 Cal.App.4th 1136, 1151.) Under these circumstances,

10

Zock has shown the trial court abused its discretion in determining defendants to be the prevailing party under section 1717.

"Statutory authorization for the recovery of attorney fees incurred at trial necessarily includes attorney fees incurred on appeal unless the statute specifically provides otherwise." (*Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1134; *Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499-1500.) Because section 1717 does not provide otherwise, Zock is entitled to his attorney fees and costs incurred on appeal.

DISPOSITION

The judgment to the extent it determines defendants to be the prevailing party is reversed. The matter is remanded with directions that the trial court declare Robert Norman Zock on behalf of himself and the R.N. Zock Family Trust to be the prevailing party, and for further proceedings to determine reasonable attorney fees pursuant to Civil Code section 1717 and on appeal. The judgment is otherwise affirmed. Zock shall recover his costs on appeal.

O'ROURKE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

AARON, J.

12