Filed 6/4/14  Campagna v. Gatley Properties CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

JAMES CAMPAGNA,

       Plaintiff, Cross-Defendant
       and Respondent,

       v.

GATLEY PROPERTIES, LLC,

       Defendant, Cross-Complainant
       and Appellant,

_____/

H039123
(Santa Clara County
 Super.Ct.No. CV769000)

     In this appeal, the fifth arising from protracted litigation against respondent James Campagna over a commercial lease, appellant Gatley Properties, LLC (Gatley) seeks review of an order denying its motion for attorney fees under Civil Code section 1717 (hereafter "section 1717").  Gatley contends that it was the unqualified winner or at least obtained the greater relief in the action, and consequently the trial court erred in finding there was no prevailing party.  We find no abuse of discretion and therefore must affirm the order.

*Background*

     The 15-year history of the parties' dispute is summarized in our prior unpublished opinions in H022749, H033518, H034112, and H035915.  The first appeal brought by

Gatley (H022749) resulted in reversal of a judgment improperly reforming the parties' amended lease to eliminate overage rent and incorrectly calculating adjusted base rent. In the second appeal (H033518) we held that the court had erred in changing a term of the lease to increase overage rent and that Gatley was entitled to prejudgment interest. In Gatley's third appeal (H034112) we declined to review the superior court's determination that neither party had prevailed for purposes of determining entitlement to attorney fees, because the case was moot in light of our remand in H033518. The fourth appeal (H035915) was brought by both parties: Campagna asserted error in computing overage rent, prejudgment interest, and credit for past overpayments, while Gatley challenged a deduction from overage rent for a subtenant expense and asserted insufficient prejudgment interest. We modified the judgment to allow Campagna an additional $3,500 credit and remanded again to permit Campagna to request a concomitant recalculation of prejudgment interest.

In the final modified judgment, filed July 10, 2012, the superior court added Campagna's $3,500 credit along with a stipulated amount of prejudgment interest, for a total additional credit of $5,920.80. Gatley was thus awarded $355,141.94, offset by Campagna's three credit amounts totaling $183,653.99 for a resulting judgment to Gatley of $171, 487.95 from June 2, 2010, plus continuing postjudgment interest at 10 percent after that date.

On August 1, 2012, each party moved for attorney fees as the prevailing party in the litigation. Gatley asserted that *Hsu v. Abbara* (1995) 9 Cal.4th 863 "dictates" that Gatley, as the "unqualified winner" or at least the party who recovered a greater relief in the action, was the prevailing party as a matter of law. Consequently, Gatley argued, the court lacked discretion to find there was no prevailing party. Campagna reviewed the history of the litigation and described the results as "mixed," with Campagna prevailing on three of four issues and Gatley prevailing on one. Campagna also analyzed the comparative success of the parties by calculating the amount of each one's claim and its

ultimate outcome— which, according to Campagna, was that "[Campagna's] position at trial was closer to the ultimate judicial determination than was [Gatley's] claimed position at trial." Thus, although he regarded the overall result as mixed, Campagna argued that if it was not, then he must be considered the "comparative prevailing party."

The trial court rejected Gatley's claim of an unqualified victory and determined that the multiple trials and appeals had culminated in "sufficiently mixed" results that there was no prevailing party. This appeal by Gatley followed.

*Discussion*

The only issue on appeal is whether the trial court abused its discretion in finding that there was no prevailing party for purposes of attorney fees under section 1717. This statute permits the court to award attorney fees to the prevailing party on an action on a contract, such as a lease. With specified exceptions, "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract." (§ 1717, subd. (b)(1).) The court may "identify the party obtaining 'a greater relief' by examining the results of the action in relative terms: the general term 'greater' includes '[l]arger in size than others of the same kind' as well as 'principal' and '[s]uperior in quality.' [Citation.]" (*Sears v. Baccaglio, supra,* 60 Cal.App.4th at p. 1151; *Silver Creek, LLC v. BlackRock Realty Advisors, Inc.* (2009) 173 Cal. App. 4th 1533, 1538 (*Silver Creek.*)

The court may also determine that there is no party prevailing on the contract. (§ 1717, subd. (b)(1).) "If neither party achieves a complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees." (*Scott Co. of California v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1109.) "Typically, a determination of no prevailing party results when both parties seek relief, but neither prevails, or when the ostensibly prevailing party receives only a part of the relief sought." (*Deane Gardenhome Assn. v. Denktas* (1993) 13 Cal.App.4th 1394, 1398.) "By contrast, when the results of the litigation on the contract claims are *not*

3

mixed-- that is, when the decision on the litigated contract claims is purely good news for one party and bad news for the other . . . a trial court has no discretion to deny attorney fees to the successful litigant." (*Hsu v. Abbara*, *supra*, 9 Cal.4th at p. 875-876.)

In deciding whether there is a party prevailing on the contract, "the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." (*Hsu v. Abbara*, *supra*, 9 Cal.4th. at p. 876.) And in making the determination of litigation success, courts "should respect substance rather than form, and to this extent should be guided by 'equitable considerations.' For example, a party who is denied direct relief on a claim may nonetheless be found to be a prevailing party if it is clear that the party has otherwise achieved its main litigation objective." (*Id*. at p. 877.)

Gatley contends that the trial court's ruling should be reviewed de novo. It is mistaken. "A trial court has wide discretion in determining which party is the prevailing party under section 1717, and we will not disturb the trial court's determination absent 'a manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence.' [Citation.]" (*Silver Creek*, *supra*, 173 Cal.App.4th at p. 1539, quoting *Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 577; see also *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal. App. 4th 858, 894 [prevailing-party determination may be overturned only on showing of a clear abuse of discretion].) Thus, it is clear that the trial court's ruling in this case was a discretionary one, which must be reviewed for manifest abuse. Gatley insists, however, that even if discretionary review is applied, there was "no good reason" for not finding it to be the prevailing party, whether "as an unqualified winner or as a greater-relief winner." We disagree.

Gatley first argues that "it is not fairly disputable" that it was the unqualified winner. Gatley relies heavily on *Hsu v. Abbara, supra,* 9 Cal.4th 863, where the issue

4

was "whether a trial court may determine that there is no 'party prevailing on the contract' when the court renders a simple, unqualified decision in favor of the defendant on the only contract claim in the action." (*Id.* at pp. 865-866.) In that situation, the Supreme Court held, the defendant is the "sole victor," and as such is entitled to attorney's fees. (*Id.* at p. 866.) Here, the trial court followed the instructions set forth in *Hsu* by comparing the extent to which each party ultimately 'succeeded and failed to succeed in its contentions.' [Citation.] (*Id.* at pp. 876.)

In its tentative decision, which it adopted in its October 4, 2012 order, the trial court stated that both parties' motions contained misleading accounts of their comparative successes and failures over the course of the litigation. At the hearing on the parties' competing motions, the court responded to Gatley's claim that it had achieved an "unqualified victory" by pointing out that there was a "major issue as to the meaning of 'shell building' as to which Campagna prevailed that affected the amount of the increased base rent." This court's 2003 opinion confirms the trial court's observation. (H022749) On that occasion we resolved in Campagna's favor the dispute over the parties' intent with respect to the meaning of "shell building and land," consistent with the trial court's interpretation of the lease term. The court's calculation of the adjusted base rent was incorrect, as its application of a discount in rental value per square foot was without evidentiary support. Gatley obviously prevailed in that respect. However, Gatley was not successful in asserting the contractual right to a yearly market adjustment of the base rental rate for the 16th through 19th years. (H022749) As to overage rent, Gatley successfully argued that overage rent continued in years 16 to 19 of the parties' amended lease. (H022749) It also prevailed on the issue of the formula to be applied in the

5

calculation of overage rent. (H033518)[1] But Campagna successfully claimed a credit against overage of $47,131.99 paid as a leasing commission to a third party, and he obtained a further credit, over Gatley's opposition, of $3,500, which Campagna had paid as a security deposit.

On the record before us, we cannot agree with Gatley that this was a situation comparable to *Hsu,* where "the judgment was a 'simple, unqualified win' " for the defendants. (9 Cal.4th at p. 876.) Because neither party achieved a complete victory on the contract issues, it was "within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees." (*Scott Co. v. Blount, Inc., supra,* 20 Cal. 4th at p. 1109.) The trial court respected the guidance of Supreme Court decisions by comparing the parties' respective demands with the relief each obtained; it stated that it had "thought a lot about the issues that have been raised," had "read all the papers," and had read all the relevant appellate decisions on the issues. It found it necessary, given the discrepant portrayals of the parties' respective litigation objectives, to "go beyond all of the briefing to study the judgments and the decisions themselves and discern from those, which obviously draw on the arguments as framed to those courts, what the objectives were [and] how they relate to the contract issues." That undertaking led the court to conclude that the results were "sufficiently mixed that this [c]ourt, in its discretion, finds that there is no prevailing party."

In challenging the trial court's determination that the results were mixed, Gatley continues to rely on *Hsu* and its extensive progeny for the principle that the litigant who is the "unqualified winner" or who recovered the greater relief is the prevailing party as a

---

[1] Gatley's success in obtaining prejudgment interest (H033518) is not material to the attorney fees determination, because, as the trial court pointed out, it was "not under the contract" but was recoverable under Civil Code section 3287.

matter of law. But Gatley's position rests on a premise rejected by the trial court—that it was the "sole victor," as in *Hsu* (9 Cal.4th at p. 866); and by urging independent review he merely reargues the viability of the *Hsu* rationale. It is not necessary to reiterate the *Hsu* reasoning or its holding if the underlying facts in *this* case do not support Gatley's premise—that he achieved a simple, unqualified victory.

Gatley's citation of *Drummond v. Drummond* (2007) 149 Cal.App.4th 46, 50-51 is not helpful; in that decision we held only that the status of prevailing party was not achieved by the appellants' *interim* victory. Nor is there any value to Gatley in relying on *Ajaxo Inc. v. E\*Trade Group Inc.* (2005) 135 Cal.App.4th 21, 59, where this court *upheld* the lower court's of discretion in awarding attorney fees to the party obtaining a "simple, unqualified verdict" at trial.

The closer question is whether Gatley ultimately obtained the greater relief in the action. *Silver Creek, supra,* 173 Cal.App.4th at p. 1540, is instructive; it reminds us that the key factor in the prevailing-party determination is the litigation objective of each party. But in that case the finding of no prevailing party was overturned because the trial court had oversimplified the analysis by counting number of claims won by each party and declaring a tie. Here, while Gatley eventually obtained declaratory relief, its success was limited by the eventual determination of the issue regarding base rent. *De La Cuesta v. Benham* (2011) 193 Cal. App. 4th 1287, also is distinguishable. There the landlord achieved its two litigation objectives, by obtaining repossession of the premises and recovering almost 70 percent of the unpaid rent he had sought. The tenant, on the other hand, lost her entire argument that she owed nothing. This result was so "lopsided" that the trial court's denial of attorney fees to the landlord was held to be an abuse of discretion. (*Id*. at p. 1290.) Unlike the tenant in *De La Cuesta*, Campagna's position was not that he owed nothing; it was the *amount* of Gatley's demands for adjusted base rent that he contested along with the continuation of overage rent after the 15th year. That the trial court made errors along the way (e.g. discounting the adjusted base rental rate,

7

reforming the lease to eliminate overage rent after the 15th year, and applying an insufficient overage rental rate) does not warrant the counting of the appeals favoring each party; it is the ultimate outcome that provides the benchmark for measuring their relative success. Gatley originally demanded $18,000 a month as the adjusted base rental rate, or $864,000, plus $244,299.60 for four years of overage rent; Campagna's objective (even as he paid the monthly $18,000 to avoid eviction) was to pay either $3,500 in base rent for 19 years plus overage rent *or* the base rental value (in its 1984 shell condition) of between $7,620 and $10,000 with no overage rent. The eventual judgment allowed $9,600 per month, or $460,000, plus overage of $197,167.70. Thus, Gatley significantly overstated the rental amounts due, while Campagna significantly understated those amounts. Thus, in substance, each party *partially* succeeded in accomplishing its objectives in the litigation. The exact amount of each party's overstatement or understatement is immaterial here. (Cf. *Ajaxo Inc. v. E*Trade Group Inc., supra,* 135 Cal.App.4th at p. 59 [plaintiff properly declared prevailing party although it recovered only a fraction of its claimed damages]; *Scott Co. of California v. Blount, Inc.*, *supra*, 20 Cal.4th at p. 1109 [though plaintiff recovered only $440,000 of its $2 million damages claim, court did not abuse its discretion in declaring plaintiff the prevailing party].)

It is evident that the trial court, guided by equitable considerations, assumed the responsibility to review the entire history of the parties' contract claims and compare the ultimate results with the parties' respective litigation objectives. We can find no fault with the court's undertaking of such scrutiny- - nor with its findings and conclusions. If, as Gatley contends, its "obvious litigation objective" was to recover the "*full economic benefit of the amended lease,*" it did not succeed. Given the applicable standard of review, we cannot simply reweigh the facts and exercise our independent judgment respecting the relative success of each party for each argument raised below at each stage of the litigation. Even if we were to reach a different conclusion, the record nonetheless supports the trial court's exercise of its wide discretion in determining that neither party

8

recovered the greater relief for purposes of recovering attorney fees under section 1717. We must conclude, therefore, that in the trial court's ruling there was no "manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence." (*Yield Dynamics, Inc. v. TEA Systems Corp., supra,* 154 Cal.App.4th at p. 577.)

*Disposition*

The order is affirmed.

_____

ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

PREMO, J.