Filed 6/23/14 2845 Monterey Road, LLC v. Posada CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| 2845 MONTEREY ROAD, LLC, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CARLOS POSADA, <br><br> Defendant and Appellant. | H039053 <br> (Santa Clara County <br> Super. Ct. No. CV195218) |

After a court trial, appellant Carlos Posada and his cousin, Camilo Posada, were found liable in an action for breach of contract brought by respondent 2845 Monterey Road LLC.  Appellant challenges only the award of attorney fees to respondent under a prior lease pursuant to Civil Code section 1717.  Appellant contends that he was the prevailing party entitled to attorney fees because he successfully defended against respondent's claim that the lease had been extended.  We will affirm the judgment.

*Background*

The facts of the underlying litigation are not disputed.  In April 2001 appellant and respondent's predecessor, Michel Developments, executed a commercial lease permitting appellant to operate Alfa Autoland, an automobile heating and air conditioning repair business in San Jose.  The lease provided for a five-year term with an option to renew for another five years.  Among its terms was a provision for attorney fees, which stated, "If Landlord incurs any expense, including attorneys' fees and costs, as a result of a default

by Tenant hereunder, the sum or expense incurred by Landlord, shall be due immediately from Tenant to Landlord."

In September 2004 appellant's cousin, Camilo Posada, took over the operation of appellant's business and assumed the obligations of the lease. The five-year term expired on April 30, 2006, and the lease terminated, no one having exercised the option to renew. Thereafter, the court found, Camilo Posada occupied the premises under a month-to-month tenancy. On July 26, 2010, Camilo Posada's business license was revoked. He paid the rent for August, but then appellant moved back into the property, and while conducting business on the premises he paid the rent for September and October 2010. Thus, appellant began a new month-to-month tenancy in September 2010.

On November 3, 2010, appellant gave written 30-day notice of his intention to terminate the tenancy. As instructed by Paul Michel, appellant returned possession of the premises to respondent on December 7, 2010, by leaving the keys with another tenant. The property, however, was in a damaged condition, "beyond normal wear and tear." The court therefore found appellant liable for repairs that totaled $4,900. Although the lease had not been extended, the court found that appellant "had an obligation under the lease to return the premises in satisfactory condition." [1] Appellant also owed respondent $6,131 in unpaid rent, from which was deducted appellant's $4,260 security deposit, leaving $1,871 due to respondent. Appellant was deemed liable for the $1,871, while he and Camilo Posada were jointly and severally liable for the $4,900 property damage.

Both appellant and respondent moved for attorney fees, claiming prevailing party status pursuant to the lease and section 1717.[2] The court found respondent to be the

---

[1] The lease had required the tenant to keep the premises in a "good and clean condition" and make any needed repairs upon termination.

[2] The court indicated in its ruling that Camilo Posada had also moved for costs and attorney fees, but that motion is not in the record on appeal. The motion is unnecessary to our appellate review, however, as Camilo Posada has not appealed. Respondent's

2

prevailing party and denied appellant's motion. The court determined that of the total damages award, appellant was responsible for 72.36 percent. That percentage of the $29,536 in attorney fees claimed by respondent yielded an amount owed by appellant of $21,372.25. The court entered an order awarding that amount to respondent and entered judgment the same day. Appellant filed a timely notice of appeal challenging only the award of attorney fees.

*Discussion*

At the outset the parties dispute the standard of review. Appellant believes that we should examine the attorney fees issue de novo, while respondent maintains that abuse of discretion is the proper standard. In the circumstances presented here, the controversy over which party prevailed does not, as appellant assumes, depend on "statutory construction and a question of law." Accordingly, the trial court's ruling in this case was a discretionary one, which may not be overturned "absent 'a manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence.' [Citation.]" (*Silver Creek, LLC v. BlackRock Realty Advisors, Inc.* (2009) 173 Cal. App. 4th 1533, 1539, quoting *Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 577; *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal. App. 4th 858, 894.)

Appellant maintains, however, that the trial court erred even under an abuse-of-discretion standard. He initially asserts that "[i]n fact, [a]ppellant was the prevailing party on [r]espondent's action on the 2001 written contract—the only contract containing an attorney's fee clause." In his discussion, however, he argues that respondent could not have been the prevailing party because the 2001 lease on which it sued did not exist, the

motion and accompanying points and authorities were also missing from the record, although it was requested by appellant. We have augmented the record to include the missing documents.

3

court having found that it terminated on April 30, 2006. Instead of reasoning that he prevailed under the attorney fees provision in the lease, he argues that this contract was "non-existent," "no longer valid," and "unenforceable," replaced by a "month-to-month tenancy between Appellant and Respondent that was in effect when the breach – consisting of 37 days unpaid rent and certain unrepaired property damage beyond normal wear and tear—occurred as of Appellant's returning to [*sic*] the premises on December 7, 2010." In other words, he was the prevailing party because he "prevailed on the only relief he [had] sought on the written contract: that the contract was not extended as Respondent claimed, and thus was no longer enforceable." According to appellant, the damages awarded to respondent were based solely on "the common law wear and tear standard," which did not allow for attorney fees. Nevertheless, had respondent succeeded in proving the continued existence of the lease, it would have been entitled to attorney fees; consequently, appellant maintains that he was entitled to fees under the reciprocity principle codified in Civil Code section 1717.[3] (See *Santisas v. Goodin* (1998) 17 Cal.4th 599, 611; *North Associates v. Bell* (1986) 184 Cal.App.3d 860, 865.)

Appellant's argument fails with each premise on which it depends. First, his representation that he "sought" relief is unfounded, since appellant did not seek anything except a defense judgment. More significantly, he misrepresents the court's ruling as being in his favor. He did successfully argue that the term of the lease expired in 2006; but that point did not mean that the lease was unenforceable or that appellant could not be found to have breached his contractual obligations during his occupancy. On the

---

[3] Civil Code section 1717 states: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. [¶] Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit."

4

contrary, the court determined that respondent was entitled to its attorney fees "*under the lease* to pursue its claim for damages to the premises." (Italics added.) Appellant's reference to the court's award of "only damages based on the common law wear and tear standard" is inaccurate; as the court explained, it was only *Camilo* Posada's obligation that was a common law one because he, unlike appellant, had not signed the lease.

Appellant's reliance on *North Associates v. Bell, supra,* 184 Cal.App.3d at pp. 865-66 is misplaced. Although the appellate court did apply the mutuality principle embodied in Civil Code section 1717, in its holding it acknowledged the reverse of the outcome occurring here. There the plaintiff landlord succeeded in showing that the lease had expired, and it was awarded unpaid rent and other relief. And because the defendant would have been entitled to fees if he had shown that the lease period had been extended, the plaintiff was entitled to its attorney fees. The circumstances here present a different situation: Unlike the successful plaintiff in *North Associates*, appellant did not prevail in any sense; his defense to respondent's assertion that the lease had been extended did not afford him any relief from respondent's claim for unpaid rent and property damage. Nor does he contest the amount of the damages awarded to respondent. Thus, in no way can appellant rightfully claim the status of prevailing party.

We thus conclude that it was well within the court's discretion to determine that respondent prevailed on its contract claim by recovering damages for appellant's breach of the provision governing maintenance and repair of the premises.[4] As appellant does not take issue with the amount of the fees awarded, the trial court's order must be upheld.

*Disposition*

The judgment is affirmed.

---

[4] By focusing on its $4,900 recovery for property damage, respondent avoids and implicitly concedes the point appellant makes regarding the contractual basis of the liability for unpaid rent.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.


_____

PREMO, J.

6