Filed 6/15/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CITY OF LOS ANGELES DEPARTMENT OF AIRPORTS,<br><br>    Cross-complainant and Respondent,<br><br>v.<br><br>U.S. SPECIALTY INSURANCE COMPANY,<br><br>    Cross-defendant and Appellant. | A162183<br><br>(San Mateo County Super. Ct. No. CIV518872) |

U.S. Specialty Insurance Company, a surety on a performance bond, appeals from the trial court's denial of its application for attorney fees in litigation involving a contract dispute with the City of Los Angeles Department of Airports (city). U.S. Specialty argues that, despite losing on contract liability, it is entitled to fees as the prevailing party because the jury awarded the city only nominal damages rather than the $3.4 million that the city sought. We conclude that the trial court had discretion to find that neither party prevailed, and we affirm.

**BACKGROUND**

**A.**

John Russo Industrial Sheetmetal, Inc. contracted to build four airport firefighting trucks for the city. The contract provided

1

that John Russo would pay the city's attorney fees in the event of litigation involving the trucks.  U.S. Specialty and John Russo executed a performance bond in which U.S. Specialty agreed to be liable to the city for any losses if John Russo failed to perform the contract.

The city accepted and paid for two trucks, but it subsequently terminated the contract and refused to pay for the remaining two trucks before they were delivered.  Alleging problems with the first two trucks and John Russo's failure to timely deliver the other two, the city made a claim under the performance bond.  Thereafter, the city sued John Russo for breach of contract and sought enforcement of the performance bond against John Russo and U.S. Specialty, demanding the return of the payments it had made for the first two trucks.  John Russo likewise sued the city for breach of contract.  The two suits were consolidated.

After a jury trial, the city won judgments on all contract claims: the jury found in favor of the city and against John Russo on John Russo's contract claims; in favor of the city and against John Russo on the city's contract claim; and in favor of the city and against U.S. Specialty on the performance bond claim.  The jury awarded the city $1.

**B.**

This is the fourth appeal involving fees or costs in this litigation.  In the most recent appeal, a panel of this court reversed the trial court's order denying the parties' competing motions for attorney fees under the contract.  (*John Russo Indus. Sheetmetal v. City of L.A. Dep't of Airports* (April 23, 2019, A151597, A151682) [nonpub. opn.].)  We held that the court misconstrued a provision of the contract to be an indemnification clause; we concluded instead that it was an attorney fee clause

2

subject to Civil Code section 1717.[1]  We remanded the case for the trial court to determine whether the city, U.S. Specialty, or neither party prevailed on the contract.

On remand, both the city and U.S. Specialty sought fees, each asserting that it was the prevailing party.  The trial court denied both applications, concluding that, in the circumstances here, neither party could claim victory.

**DISCUSSION**

The trial court acted within its discretion when it denied U.S. Specialty's application for attorney fees.

**A.**

When a contract includes an attorney fee provision, section 1717 grants attorney fees to the prevailing party.  (§ 1717, subd. (a).)  Section 1717, subdivision (b)(1), defines the prevailing party as the one who wins greater relief in the contract action, but it also allows the trial court to decide that neither party prevailed. (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 865 (*Hsu*); see also *DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968, 973 (*DisputeSuite.com*).)  If one party has obtained an unqualified victory on the only contract claim in the action, the court must grant fees to that party.  (*Hsu*, *supra*, at pp. 875-876.)  Here, U.S. Specialty did not win an unqualified victory, having lost on the contract claims.

When the results are mixed, the court generally has discretion to decline to award fees to either party.  (*Hsu, supra,* 9 Cal.4th at pp. 875-876 & fn. 10.)  A determination that no party has prevailed typically occurs in cases in which both parties can claim some success in the litigation, such as when the plaintiff wins only part of the relief sought.  (*Id.* at pp. 874-875; see, e.g., *Olive v. General Nutrition Centers, Inc.* (2018) 30 Cal.App.5th

---

[1] Undesignated statutory references are to the Civil Code.

3

804, 830 [upholding determination that neither party prevailed where the plaintiff sought over $500 million but received $1.1 million]; *Harris v. Rojas* (2021) 66 Cal.App.5th 817, 824 [upholding determination that neither party prevailed where plaintiff recovered about 3 percent of its demand].)

To determine whether there is a prevailing party for purposes of section 1717, the court must compare the relative success of each party in achieving its litigation objectives, as shown in the parties' pleadings, trial briefs, and similar sources. (*Hsu*, *supra*, 9 Cal.4th at p. 876; *DisputeSuite.com, supra*, 2 Cal.5th at p. 974.) This is necessarily a fact-driven inquiry that requires courts to consider the unique circumstances of each case. (See *Marina Pacifica Homeowners Assn. v. Southern California Financial Corp.* (2018) 20 Cal.App.5th 191, 207.) The court may also weigh equitable considerations when exercising its discretion. (*Hsu*, *supra*, at p. 877.)

Here, the trial court found that U.S. Specialty had three litigation objectives: it sought to establish that (1) the city breached the contract, (2) John Russo did not breach the contract, and (3) U.S. Specialty had no liability to the city for damages. These findings are supported by substantial evidence. In its answer and its trial brief (filed jointly with John Russo), U.S. Specialty asserted that the city breached the contract by failing to make payments to John Russo, by interfering with John Russo's performance, and by wrongfully terminating the contract. U.S. Specialty denied that John Russo breached the contract. It asserted that the city's claims were meritless, judgment should be entered in John Russo's favor on all claims, and the city should "take[] nothing." The fact that these contentions are essentially defensive in nature, rather than affirmative claims for relief, does not matter—they are still contentions for purposes of determining whether U.S. Specialty achieved its objectives. (See

4

*Marina Pacifica Homeowners Assn. v. Southern California Financial Corp., supra*, 20 Cal.App.5th at p. 206.)

On the other side of the ledger, the city aimed to prove that (1) John Russo—not the city—breached the contract, (2) the city properly terminated the contract, and (3) John Russo and U.S. Specialty owed the city approximately $3.4 million in damages.

In comparing the parties' relative success, the trial court reasonably concluded that they fought to a draw. U.S. Specialty lost on its arguments that the city breached the contract, lost on its arguments that John Russo did not breach, and technically lost on damages although not to a meaningful degree. The city obtained a pyrrhic victory: it won a judgment on liability and avoided a loss, but it received only nominal damages. The outcome was mixed. The trial court's conclusion is well within the bounds of reason.

**B.**

U.S. Specialty's arguments mostly turn on the notion that, from its perspective as a surety, the losses on liability were unimportant: it won a ringing victory by limiting the city to nominal damages. As a surety, U.S. Specialty issued a performance bond making it jointly and severally liable for damages caused by John Russo's failure to perform. (See §§ 2808, 2809, 2810; *Cates Construction, Inc. v. Talbot Partners* (1999) 21 Cal.4th 28, 47-48.) U.S. Specialty asserted no affirmative claims for damages against the city. It only stood to lose money. U.S. Specialty thus considers this case to be a lopsided win: it defeated a $3.4 million dollar claim on the performance bond, and the city won essentially nothing.

U.S. Specialty is correct that it *may* be an abuse of discretion to deny attorney fees to a party that won a lopsided victory. In *de la Cuesta v. Benham* (2011) 193 Cal.App.4th 1287 (*de la Cuesta*), for example, the plaintiff landlord won

5

repossession of the premises and 70 percent of the damages he sought; in comparison, the defendant tenant lost on nearly every issue: she asserted she owed the landlord nothing but ended up with a $70,000 adverse judgment and had to vacate the premises. (*Ibid*.) The trial court denied the landlord's request for attorney fees. After considering the parties' objectives, the results, and the equities, the court of appeal held that the trial court abused its discretion; the landlord clearly prevailed. (*Id*. at pp. 1295-1299; see also *Silver Creek, LLC v. BlackRock Realty Advisors, Inc.* (2009) 173 Cal.App.4th 1533, 1540.)

We have no quarrel with *de la Cuesta*. But, as *de la Cuesta* states, the question is: "How lopsided must the results be before it is an abuse of discretion not to acknowledge that one party has clearly prevailed?" (*de la Cuesta*, *supra*, 193 Cal.App.4th at pp. 1295-1296.) The Legislature granted courts discretion under section 1717 specifically to account for the facts and circumstances of each case. (*Id*. at p. 1296.) This is consistent with *Hsu*, in which our Supreme Court held trial courts must exercise their discretion to determine whether either party prevailed only after examining the parties' pleadings, determining their litigation objectives, comparing the relief awarded, and considering any relevant equitable factors. (*Hsu*, *supra*, 9 Cal.4th at pp. 876-877.)

The trial court properly did so here. Although U.S. Specialty now insists that the city's $3.4 million damages demand was "the only claim that mattered," the trial court reasonably concluded otherwise. It correctly observed that U.S. Specialty was joined at the hip with John Russo on both the breach and the damages issues. A surety's liability is commensurate with that of its principal, and it is entitled to assert all the principal's defenses and set-offs. (See §§ 2808, 2809, 2810; *Cadle Co. v. World Wide Hospitality Furniture, Inc.* (2006) 144 Cal.App.4th 504, 514 & fn. 7.) Had John Russo and U.S. Specialty won on

6

their breach contentions, U.S. Specialty would have had no liability on the performance bond. (See *Mepco Services, Inc. v. Saddleback Valley Unified School Dist.* (2010) 189 Cal.App.4th 1027, 1048-1049.) Had they won on John Russo's breach claim, but lost on the city's claim, any damage award to John Russo would have set-off or eliminated a damage award to the city. Accordingly, U.S. Specialty and John Russo were represented by the same counsel at trial, submitted a joint trial brief, and agreed to joint jury instructions rendering U.S. Specialty liable if John Russo was found liable. U.S. Specialty's decision to litigate in lockstep with John Russo made sense, but it also supports the trial court's conclusion that, for both of them, success on the breach claims was an important objective. We reject U.S. Specialty's argument that the court was required to focus narrowly on the nominal damage award and to discount its losses on breach.

The trial court's conclusion is consistent with equitable and policy considerations. (See *Hsu*, *supra*, 9 Cal.4th at p. 877; *International Industries, Inc. v. Olen* (1978) 21 Cal.3d 218, 223.) The city was largely vindicated in the litigation. It terminated the contract because it believed that John Russo had breached the agreement. The city then brought a lawsuit and won a jury verdict confirming that, in fact, John Russo was at fault and the city was not. It is true that the city greatly overestimated its damages, but this was a complicated case, as performance bond disputes often are. (See *Cates Construction, Inc. v. Talbot Partners*, *supra*, 21 Cal.4th at p. 58.) As a matter of equity and public policy, we see no reason why the innocent party (the city) should be required to compensate either the guilty party (John Russo) or its surety (U.S. Specialty) for their attorney fees. (See Rowe, *The Legal Theory of Attorney Fee Shifting: A Critical Overview* (1982) Duke L.J. 651, 653-654, 656-658.)

7

Finally, we reject U.S. Specialty's argument that the result here would preclude a defendant from recovering attorney fees unless it wins on all breach claims and avoids even nominal damages. We simply hold that, on the facts in this case, a fee award was discretionary, not mandatory, and the trial court did not abuse its discretion. (See *Hsu, supra*, 9 Cal.4th at p. 875, fn. 10.)

We have considered U.S. Specialty's remaining arguments and find them unpersuasive.

## DISPOSITION

The trial court's order denying attorney fees is affirmed.

_____

BURNS, J.

We concur:

_____

JACKSON, P.J.

_____

NEEDHAM, J.*

A162183

---

* Retired Associate Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

San Mateo County Superior Court No. CIV518872, Hon. Danny Y. Chou

Duane Morris LLP, Oliver L. Holmes, Paul J. Killion, Justin J. Fields, Christine C. Ross; SMTD Law LLP and Marilyn Klinger for Cross-defendant and Appellant.

Morrison & Foerster, Michael F. Qian, Arturo J. González, William F. Tarantino, Derek F. Foran, James R. Sigel, for Cross-complainant and Respondent.