MEMORANDUM *
Citadel Properties Lancaster, LLC (Citadel) appeals the district court’s final judgment awarding Antelope Valley Health Care District (Antelope Valley) specific performance under Section 5 of the parties’ Support Agreement and denying Citadel relief under Section 2 of the Support Agreement. Citadel also appeals the district court’s decision to grant Antelope Valley attorneys’ fees as the prevailing party.
Citadel’s post-judgment sale of the property to Antelope Valley did not render Citadel’s appeal moot. Conveyance of property is insufficient to moot a case. See Muckleshoot Indian Tribe v. United States Forest Service, 177 F.3d 800, 815 (9th Cir.1999). Rather, mootness requires a showing that we could not provide Citadel any relief. See In re Heritage Bond Litigation, 546 F.3d 667, 675 (9th Cir. 2008). Because we could rescind the conveyance of the building to Antelope Valley, Citadel’s appeal is not moot. See Muckle-shoot Indian Tribe, 177 F.3d at 815.
The district court properly granted specific performance to Antelope Valley under Section 5 of the Support Agreement because the plain language of Section 5 obligated Antelope Valley to purchase the building once an event of default occurred. See GGIS Ins. Servs., Inc. v. Superior Court, 168 Cal.App.4th 1493, 1506, 86 Cal.Rptr.3d 515 (Ct.App.2008) (“If contractual language is clear and explicit and does not involve an absurdity, the plain meaning governs.”) (citation omitted). Furthermore, KBC Bank N.V. (the Bank), as assignee of all Citadel’s rights under the Support Agreement, had the absolute right to exercise Section 5 once the event of default occurred. Because the Bank clearly and explicitly demanded that Citadel and Antelope Valley complete their respective obligations under Section 5, Citadel was obligated to sell the property to Antelope Valley as instructed. See id. The district court made no clear error concerning this issue in the factual findings made during the bench trial. See Preminger v. Peake, 552 F.3d 757, 762 n. 3 (9th Cir.2008), as amended.
The district court also properly denied Citadel recovery under Section 2 of the Support Agreement because Citadel’s interpretation of Section 2 would “lead to unfair or absurd results.” Cal. Nat’l Bank v. Woodbridge Plaza LLC, 164 Cal.App.4th 137, 143, 78 Cal.Rptr.3d 561 (Ct.App.2008). Citadel’s proposed outcome is completely at odds with the intentions of the parties as expressed in the Support Agreement when all provisions are considered. See GGIS Ins. Servs., 168 Cal.App.4th at 1506, 86 Cal.Rptr.3d 515 (“The mutual intention of the contracting parties at the time the contract was formed governs interpretation .... We consider the contract as a whole ... ”) (citations omitted).
Finally, the district court did not abuse its discretion in granting Antelope Valley attorneys’ fees as the prevailing party under California Civil Code § 1717(a). Ante *525 lope Valley prevailed on its primary claim that the agreement required Citadel to sell the building to Antelope at the option price. See Scott Co. of Cal. v. Blount, Inc., 20 Cal.4th 1103, 1109, 86 Cal.Rptr.2d 614, 979 P.2d 974 (1999). The district court appropriately considered Citadel’s limited success by reducing Antelope Valley’s proposed lodestar fee by 25% “in light of [its] limited victory on the merits.”[1]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because we affirm the district court’s ruling regarding §§ 2 and 5 of the agreement, we need not and do not address any other issues raised by the parties.