# FILED

**NOT FOR PUBLICATION**

JUL 08 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS HUBBARD, | No. 13-55861 |
| Plaintiff - Appellee, | |
| v. | MEMORANDUM* |
| PHIL'S BBQ OF POINT LOMA, INC., et al., | |
| Defendants - Appellants. | |

| | |
|---|---|
| THOMAS HUBBARD, | No. 13-56131 |
| Plaintiff - Appellee, | |
| v. | MEMORANDUM* |
| PHIL'S BBQ OF POINT LOMA, INC., et al., | |
| Defendants - Appellants. | |

---

         *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Southern District of California
Hon. Larry A. Burns, District Judge, Presiding

Argued and Submitted June 3, 2015
Pasadena, California

Before: THOMAS, Chief Judge, and CALLAHAN, Circuit Judge, and KORMAN, Senior District Judge.[**]

In April 2006, Thomas Hubbard, Phillip Pace, and Jeffrey Loya signed a shareholders agreement, formed Phil's BBQ of Point Loma, Inc., and elected "S corporation" status. In such a corporation shareholders must pay personal income tax on corporate profits, even if no profits or other income is disbursed to the shareholders. To ensure that Pace, Loya, and Hubbard could meet this obligation, the shareholders agreement provided that Phil's BBQ would issue dividends to shareholders equal to 25% of Phil's BBQ's quarterly profits.

The parties also entered into a consulting agreement, pursuant to which Hubbard would perform certain tasks related to the operation of the corporation in exchange for a specified monthly compensation. The agreement further provided for attorney's fees to the "prevailing party" in the event of a dispute "arising under, or in connection with, the Agreement."

---

[**] The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Relations between the parties ultimately broke down. When Phil's BBQ stopped paying Hubbard in accordance with the consulting agreement, he filed the instant complaint against Pace, Loya, and Phil's BBQ. As subsequently amended, the complaint sought damages for breach of the parties' consulting agreement and shareholders agreement. After a bench trial, the district judge awarded Hubbard damages and attorney's fees for breach of the consulting agreement. The district judge also granted Hubbard's motion for summary judgment, awarding him damages based on the defendants' failure to issue dividends in accordance with the shareholders agreement.

In holding that Hubbard was entitled to counsel fees because he prevailed on his claim for breach of the consulting agreement, the judge analyzed applicable California law and observed that Hubbard won on nearly every issue litigated. *See Hsu v. Abbara*, 9 Cal. 4th 863, 873-77 (1995). We do not agree with the defendants that, under the circumstances here, Hubbard's award on his claims for breach of the consulting agreement was insufficient to justify an award of counsel fees. *See, e.g.*, *Scott Co. of Cal. v. Blount, Inc.*, 20 Cal. 4th 1103, 1108-09 (1999).

Nor did the district judge err in awarding damages under the shareholders agreement. The award of damages represented the amount of taxes that Hubbard paid on profits earned by Phil's BBQ. The three defendants challenge the enforcement of

3

the provision in the shareholders agreement mandating dividend disbursement to offset tax liability. They rely on California Corporations Code § 300(b), which provides that shareholders agreements in "section 158 close corporations" are permitted to interfere with the powers typically afforded to a board of directors, such as the board's power to declare dividends in its discretion. The negative implication, they suggest, is that shareholders agreements in non "section 158 close corporations" are not permitted to mandate dividend disbursement. Because Phil's BBQ was not technically a "section 158 close corporation," the defendants argue that the mandatary provision in the parties' shareholders agreement violates public policy.

The defendants cite no case holding that shareholders agreement provisions of the kind at issue here violate the public policy of California. Indeed, California courts have historically held, "unless it is entirely plain that a contract is violative of sound public policy, a court will never so declare. . . . 'No court ought to refuse its aid to enforce a contract on doubtful and uncertain terms.'" *Moran v. Harris*, 131 Cal. App. 3d 913, 919-20 (Cal. Ct. App. 1982) (quoting *Stephens v. So. Pac. Co.*, 109 Cal. 86, 89 (1895)). Even where a contract is plainly illegal, the rule that such a contract is void "is not an inflexible one to be applied in its fullest rigor under any and all circumstances. A wide range of exceptions has been recognized." *Asdourian v. Araj*,

696 P.2d 95, 105 (Cal. 1985), *superseded on other grounds* Cal. Bus. & Prof. Code § 7031.

Phil's BBQ was, for practical purposes, a close corporation because it had only three shareholders as well as severe limitations on the transferability of its shares. Indeed, as conceded at oral argument, only one formality prevents Phil's BBQ from falling squarely within § 158: Phil's BBQ's articles of incorporation failed to include a short statement that the number of shareholders cannot exceed 35 and that "[t]his corporation is a close corporation." Cal. Corp. Code § 158. Under all of these circumstances, we are unable to conclude that the contract would be held unenforceable as contrary to public policy.

**AFFIRMED.**