Filed 12/29/22; certified for publication 1/23/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DANIEL ZHIHUI CHEN, | H048257, H048444 (Santa Clara County |
| Plaintiff and Appellant, | Super. Ct. No. CV295858) |
| v. | |
| BMW OF NORTH AMERICA, LLC, | |
| Defendant and Respondent. | |

Plaintiff Daniel Chen appeals the trial court's order awarding him $53,509.51 in attorney fees and costs in his lawsuit against BMW of North America. He contends the trial court should have awarded additional attorney fees accrued after BMW's statutory offer to compromise under Code of Civil Procedure section 998. We conclude BMW's offer complied with the statutory requirements and that Chen did not achieve a result more favorable than its terms. The statute therefore disallowed recovery of attorney fees and costs accrued after the offer was made. We will affirm the trial court's fee award.

## I. BACKGROUND

Chen sued BMW of North America for breach of warranty and for violating the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790, et seq.) and the Consumers Legal Remedies Act (Civ. Code, § 1750, et seq.). He alleged a new BMW he bought in 2011 had various engine defects and the problems were not repaired after a reasonable number of attempts. He sought compensatory damages, restitution, statutory penalties, and injunctive relief.

Chen commenced his lawsuit in June 2016. BMW answered the complaint and generally denied all allegations. After the suit had been pending for about a year, BMW extended an offer to compromise under Code of Civil Procedure section 998. (Undesignated statutory references are to this code.) The offer, in its entirety, was: "Defendants BMW of North America, LLC and BMW of Mountain View (collectively "BMW defendants") hereby offer, pursuant to Code of Civil Procedure Section 998, to have judgment entered against them, jointly and severally, and in favor of plaintiff Daniel Zhihui Chen in the total sum of one hundred sixty-thousand dollars ($160,000), which amount is exclusive of recoverable costs and attorney's fees accrued as of the date this offer is made. [¶] BMW of North America, LLC shall also pay the amount of Plaintiff's reasonable attorney's fees and costs in this litigation, in an amount determined by the Court following a properly noticed motion by Plaintiff. [¶] Plaintiff shall return the Subject Vehicle to BMW of North America, LLC, along with clear title. [¶] If such an offer is not accepted prior to trial or within 30 days after it is made, whichever occurs first, it shall be deemed withdrawn. If BMW Defendants' offer is not accepted before withdrawal, and Plaintiff fails to obtain a more favorable judgment, BMW Defendants will seek costs and reasonable expert fees to the full extent permitted by law." (Capitalization omitted.)

Chen did not accept the offer. Instead, his counsel responded with a letter asserting the offer was not valid because it was "fatally vague and uncertain." (Capitalization omitted.) The litigation continued for another two years. The parties settled on the day of trial. The terms of the settlement were essentially identical to the section 998 offer: BMW would pay Chen $160,000; Chen would return the car; and Chen's attorney's fees, costs, and expenses would be determined by the court through a noticed motion.

Chen moved as a prevailing party for attorney fees and costs in the amount of $436,071.82. The trial court granted the motion but awarded only $53,509.51. The court

2

arrived at that amount by including only fees and costs accrued through July 2017, 45 days after the section 998 offer was made.

## II. DISCUSSION

Resolving this appeal turns on whether BMW's section 998 offer from June 2017 is valid. If it is, Chen's failure to achieve a better litigation result than what BMW offered means he is not entitled to post-offer attorney fees, and the trial court's award is correct. We review the validity of a section 998 offer de novo. (*Sanford v. Rasnick* (2016) 246 Cal.App.4th 1121, 1131–1132.) Under that standard of review, we exercise our independent judgment; we do not defer to the trial court's decision and we are not bound by its reasoning. (*Sangster v. Paetkau* (1998) 68 Cal.App.4th 151, 163.)

The purpose of Code of Civil Procedure section 998 is to promote early resolution of litigation by encouraging parties to make—and accept—reasonable settlement offers. (*Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1114.) The statute encourages acceptance of reasonable offers by penalizing a party who does not accept a settlement offer and then fails to achieve a better result through continued litigation. (Code of Civ. Proc. § 998, subd. (c)(1).) In such a case, the nonaccepting party cannot recover litigation costs, including attorney fees, accrued after the date the offer was made. (*Scott Co. v. Blount, Inc.*, at p. 1112.)

To invoke the statutory mechanism, the offer must be in writing, and must "allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time." (Code of Civ. Proc., § 998, subd. (b).) It must "include a statement of the offer, containing the terms and conditions of the judgment or award, and a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted." (*Ibid*.) BMW's offer complied with those requirements.

Chen contends BMW's offer is nonetheless invalid because its terms are too vague. A section 998 offer must be specific and certain enough to allow a plaintiff to

3

determine its value at the time it is made. (*Khosravan v. Chevron Corp.* (2021) 66 Cal.App.5th 288, 295.) An offer is insufficiently specific if it contains terms making it " 'exceedingly difficult or impossible to determine the value of the offer to the plaintiff.' " (*Ibid.*) We do not see anything unclear about the terms of the section 998 offer in this case. The offer was to pay Chen $160,000; he would be required to return the car with clean title; and he would be allowed to seek an award of attorney fees and costs by noticed motion, the amount to be determined by the court. Those terms are easily understandable and do not make it difficult to assess the offer's value. A reasonable person would understand what they stood to gain by accepting. Chen argues the offer is ambiguous because it did not expressly deem him the prevailing party and did not state whether BMW would brand the defective vehicle as a " 'Lemon Law' buyback." But merely pointing out things the offer did not include does not render it ambiguous. Not specifying the prevailing party or articulating how the vehicle would be classified after its return are technical details that would not prevent a reasonable person from evaluating the offer against the prospects of proceeding to trial. (See *Covert v. FCA USA, LLC* (2022) 73 Cal.App.5th 821, 838.)

Chen also asserts the offer is vague because it said he would be allowed to move for an award of attorney fees and costs, without specifying whether he could also recover expenses. In Chen's view, expenses are distinct from costs because his lawsuit included a claim under the Song-Beverly Act, which defines recoverable expenses to include additional items not typically included as litigation costs. (See Civ. Code, § 1794, subd. (d).) But when a section 998 offer is silent about postjudgment recovery of cost items, those items can be recovered by motion. (*Timed Out LLC v. 13359 Corp.* (2018) 21 Cal.App.5th 933, 944.) An otherwise recoverable expense is not waived merely because it is not mentioned in the offer. (*Ibid.*) Silence on that point did not create ambiguity: to the extent expenses are something different than costs, nothing in BMW's section 998 offer prevented Chen from recovering them.

4

For the same reason we find no merit in Chen's assertion that the settlement he ultimately agreed to was more favorable than the offer merely because the settlement expressly mentioned recovery of expenses. Nor do we find merit in Chen's argument that the settlement was more favorable because the section 998 offer might have allowed him to recover only attorney fees accrued until the date the offer was made, and not the (relatively minimal) additional fees necessary to facilitate entry of judgment and move for an attorney fee award. Neither the section 998 offer nor the settlement guaranteed any amount of fees or said anything about the time period the fee award would cover. The offer and settlement contained identical terms regarding recovery attorney fees— they would be determined by the court after a noticed motion. Accepting the offer would have meant deferring to the court's discretion as to the appropriate amount of fees, which is what Chen did by entering into the settlement agreement.

Chen also asserts the offer was not made in good faith, suggesting it was not within the range of reasonable possible results at trial or did not allow him a fair opportunity to intelligently evaluate it. (See *Licudine v. Cedars-Sinai Medical Center* (2019) 30 Cal.App.5th 918, 924.) But under the statutory scheme, it was Chen's burden to convince the trial court the offer was not made in good faith. (*Id*. at p. 926.) We review the trial court's determination in that regard under the highly deferential abuse of discretion standard. (*Covert v. FCA USA, LLC*, *supra*, 73 Cal.App.5th 821, 834.) The offer here was significant: $160,000 plus the opportunity to recover attorney fees and costs. We have already determined there was nothing about the offer that would prevent Chen from intelligently evaluating it. We see no abuse of discretion in finding Chen did not meet his burden to show the offer was made in bad faith.

Chen takes issue with the reasoning expressed in the trial court's written order, specifically the court admonishing the parties that they should have met and conferred regarding any ambiguity in the offer and that Chen's failure to do so itself warranted denial of post-offer fees. We review the trial court's ruling, not its reasoning. A ruling

5

that is correct must be upheld on appeal regardless of the reasoning articulated by the trial court. (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18–19.) The only potential error in the result here actually benefitted Chen: the trial court awarded attorney fees accrued for 45 days after the section 998 offer was made, although the statute precludes an award of fees incurred after a valid offer. But as BMW has not cross-appealed, we will not disturb the ruling.

The section 998 offer was clear and specific enough for Chen to understand what was being offered and to weigh that against his prospects at trial. He did not accept the offer and later agreed to a settlement that provided no greater benefit. There was no error in enforcing the statutory prohibition against awarding post-offer attorney fees and costs.

## III. DISPOSITION

The order is affirmed. Costs are awarded to respondent by operation of California Rules of Court, rule 8.278, subdivision (a)(1).

_____
Grover, J.

WE CONCUR:


_____
Greenwood, P.J.



_____
Lie, J.




**H048257, H048444**
*Chen v BMW of North America*

Filed 1/23/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DANIEL ZHIHUI CHEN, | H048257, H048444 |
| | (Santa Clara County |
| Plaintiff and Appellant, | Super. Ct. No. CV295858) |
| v. | **ORDER GRANTING REQUEST** |
| | **FOR PUBLICATION** |
| BMW OF NORTH AMERICA, LLC, | |
| Defendant and Respondent. | |

BY THE COURT:

Pursuant to California Rules of Court, rule 8.1105(b), the request for publication is hereby granted. It is ordered that the opinion in this matter, filed on December 29, 2022, shall be certified for publication.

Dated: _____
Grover, J.


_____
Greenwood, P. J.


_____
Lie, J.

H048257, H048444
*Chen v BMW of North America*

| Trial Court | Santa Clara County Superior Court<br>Superior Court Case No. CV295858 |
|---|---|
| Trial Judge | Hon. Peter H. Kirwan |
| Counsel for Plaintiff and Appellant<br>Daniel Zhihul Chen | Christopher Patrick Barry<br>Gregory Thomas Babbitt<br>  Auto Fraud Legal Center LLP<br><br>Payam Shahian<br>  Strategic Legal Practices, APC<br><br>Michael Harris Rosenstein<br>  Law Offices of Michael H. Rosenstein, LC |
| Counsel for Defendant/Respondent<br>BMW of North America, LLC | Roger Scott Raphael<br>Shahram Nassi<br>  Lewis Brisbois Bisgaard & Smith LLP<br><br>Thomas M. Peterson<br>Mark William Allen<br>  Morgan, Lewis & Bockius, LLP |

**H048257, H048444**
*Chen v BMW of North America*