Filed 2/26/25  Akin v. KDF Cobblestone Village CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SIMI AKIN,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KDF COBBLESTONE VILLAGE et al.,<br><br>Defendants and Appellants. | G062154<br><br>(Super. Ct. No. 30-2014-00742486)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Martha K. Gooding, Judge. Reversed.

Daniels, Fine, Israel, Schonbuch & Lebovits and Bernadette Castillo Brouses; Law Offices of Stratman & Williams-Abrego, J. Michael McClure and Daniel Kruid for Defendants and Appellants.

Simi Akin in pro. per. for Plaintiff and Respondent.

\*          \*          \*

This is an appeal from an order denying defendant KDF Cobblestone Village's (Cobblestone) motion for attorney fees. Plaintiff Simi Akin brought this action primarily alleging claims involving premises liability in connection with alleged mold found in an apartment Akin leased from Cobblestone. The action was initiated in 2014 and brought to trial in 2018, but Akin fainted on the witness stand and a mistrial was declared. By May of 2022, the matter had not been brought back to trial, and the court entered a discretionary judgment of dismissal for plaintiff's failure to prosecute the case.

Afterward, Cobblestone filed its motion for attorney fees as the prevailing party on a lease agreement that contained a fee provision. Although Cobblestone was the prevailing party, and the lease contained a valid fee provision, the court denied the motion on two grounds.

First, the court ruled that Cobblestone had made an inadequate evidentiary showing to support the award it sought. Specifically, Cobblestone neither presented billing records to support the number of hours claimed, nor did it break the hours down by tasks or even categories, but instead simply proffered a total number of hours spent. Additionally, Cobblestone offered no evidence that the particular attorneys and paralegals that worked on this case warranted the hourly rate Cobblestone sought, which was a blended rate (i.e. for partners, associates, and paralegals) of $631. Cobblestone presented evidence that this was the average cumulative market rate in the community for partners, associates and paralegals in general, divided by three. Cobblestone's counsel also disclosed that what it charged Cobblestone was a blended rate of $180 per hour for partners, associates and paralegals, which was a discounted rate.

2

The second ground for denying the motion was that Cobblestone had unreasonably inflated the amount it was seeking. This was based on the disparity between the hourly rate sought versus what counsel actually charged to Cobblestone.

We conclude the court's findings are not supported by substantial evidence. Although the court pointed to genuine weaknesses in Cobblestone's evidentiary showing, the evidence was sufficient to render an award in some reasonable amount. In particular, defendant firm's actual blended rate of $180 per hour was supported by evidence and was reasonable, and the total number of hours spent over six years (1824) was supported by evidence. If it felt this amount were still excessive, the trial court could have given it a hefty reduction to account for possible inefficiencies. Moreover, although Cobblestone did seek an award that was over three times the fees it actually incurred, this request was based on a market average and was consistent with an award that was upheld in a published decision, and thus it cannot be considered an unreasonably inflated request. Ultimately, this was a case that was litigated for several years and even went to trial, with all the preparation that requires. Cobblestone prevailed and thus was entitled to an award of attorney fees in some amount.

## PROCEDURAL HISTORY

Akin filed her complaint in August 2014 in propria persona. She filed a first amended complaint in 2016, only this time Akin was represented by counsel. Akin alleged that she was a tenant in an apartment building owned by Cobblestone. Due to flooding incidents originating from neighboring units, she was exposed to toxic mold, which Cobblestone refused to properly remediate. She asserted causes of action sounding in contract, nuisance, negligence, various statutory violations, and racial discrimination.

The matter was brought to trial in 2018. During the trial, while Akin was testifying about her damages and the effects of the mold problem, she fainted and fell to the ground. The trial judge summoned a bailiff for assistance, though it took some time before the bailiff could rouse Akin. Eventually, Akin was removed from the courtroom on a gurney. The jury witnessed the entire incident. As a result, the court declared a mistrial.

Afterward, Akin failed to bring the matter to trial again, and in May of 2022, the court exercised its discretion to grant Cobblestone's motion to dismiss the case for failure to prosecute under Code of Civil Procedure section 583.420, subdivision (a)(3). The court entered a judgment of dismissal with prejudice.

In July 2022, Cobblestone filed the motion for attorney fees that is the subject of this appeal. The motion sought "at least $1 Million." Cobblestone's counsel declared that she had reviewed her firm's billings on the case and that her firm had spent approximately 1,824 hours on the matter. She declared that her firm had charged Cobblestone a blended hourly rate of $180.00 per hour for partners, associates, and paralegals. This rate, according to counsel, was discounted as a result of "business, economic, and operational factors that are unrelated to our skill and experience." Accordingly, she sought a lodestar blended rate of $631 per hour, which she calculated by combining the average market rates in the community for partners ($809/hour), associates ($672/hour), and paralegals ($412/hour).

The trial court denied the motion in its entirety. The court acknowledged that the lease agreement between the parties contains a fee-shifting provision and that the provision covers most of Akin's causes of action. However, the court held that Cobblestone's evidentiary showing was inadequate to permit a reliable determination of fees.

4

With regard to calculating a reasonable hourly rate, the court noted that the various attorneys and paralegals who worked on the case were not identified, with the exception of two attorneys, and no information was provided about their level of experience. The court criticized the use of an "average billing rate" to calculate fees, particularly when that rate was determined by simply averaging generalized rates within the legal community rather than reflecting the specific qualifications of the attorneys and paralegals at issue. The court further noted that Cobblestone failed to distinguish between the hours billed by partners, associates, and paralegals, each of which would presumably have significantly different billing rates. The court found it hard to imagine awarding more than $600 per hour for paralegal time.

With regard to the number of hours billed, the court noted that Cobblestone failed to include any billing records with its motion, nor did it even break down the 1,824 hours by task descriptions, categories, or otherwise.

The court concluded that Cobblestone had so comprehensively failed to carry its burden to show what the reasonable fees were that it denied the motion in its entirety. As an independent basis for denying the motion, the court found that the request for fees was unreasonably inflated, and this presented a special circumstance permitting the blanket denial of the motion. Cobblestone timely appealed from the denial of its post-trial motion for attorney fees.

DISCUSSION

We review awards of attorney fees under a mixed standard: "'it is a discretionary trial court decision on the propriety or amount of statutory attorney fees to be awarded, but a determination of the legal basis for an

5

attorney fee award is a question of law to be reviewed de novo.'" (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751 [applying this standard to contractual attorney fees].) "The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712, fns. omitted.) Here, the court recognized that there was a valid fee agreement and that most of Akin's claims fall within the scope of that agreement. However, it denied the motion on two grounds: inadequate evidence, and an unreasonably inflated request. We conclude neither ground warranted a denial of the motion in its entirety.

I.

THE EVIDENCE WAS SUFFICIENT TO AWARD SOME AMOUNT OF FEES

Under Code of Civil Procedure section 1032, subdivision (b), a prevailing party is entitled to recover its costs as "a matter of right." Under sections 1033.5, subdivision (a)(10), and 1717, this includes attorney fees where a contract allows it. "When a party obtains a simple, unqualified victory by completely prevailing on or defeating all contract claims in the action and the contract contains a provision for attorney fees, section 1717 entitles the successful party to recover reasonable attorney fees incurred in prosecution or defense of those claims." (*Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1109.) There is no dispute that in this case Cobblestone is the prevailing party, and the lease agreement between Cobblestone and Akin contains a valid fee provision.

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 (*PLCM*); *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131-1132 (*Ketchum*).)

"The reasonable hourly rate is that prevailing in the community for similar work." (*PLCM*, at p. 1095.) In calculating a reasonable hourly rate, our high court has "expressly approved the use of prevailing hourly rates as a basis for the lodestar . . . ." (*Ketchum,* at p. 1132.)

The trial court averred that it could not determine a reasonable hourly rate because the various billers in the case were not individually identified. The court was also critical of the use of an average or blended rate, noting that it would be difficult to justify awarding paralegal time at an hourly rate north of $600. The court concluded it was "impossible . . . to make a meaningful finding as to reasonable hourly rates."

Although we are sympathetic to the court's criticisms, we disagree with its conclusion. The court had a ready means of determining the market value of the services counsel provided: the actual rate charged to the client. $180 per hour, even as a blended rate, is eminently reasonable. Although Cobblestone sought an hourly rate over three times higher than that, the court was under no obligation to grant that request. Indeed, in our view, the actual rate charged to the client is the best evidence of what is a reasonable rate for the particular work involved. There is seldom a better indicator of the market value of legal services than their actual cost in the market for legal services, especially when it is so much lower than the rate sought.

With that said, we share the court's concern about the use of a blended rate. The fundamental problem is that the devil is in the details: how was the "blended" rate actually blended? If paralegals did most of the heavy lifting in the case, but the "blended" rate is just the partner + associate + paralegal rate divided by three, then then net result could be a lot of paralegal time being sought at rates more appropriate for an attorney. However, the use of a blended rate is not fatal to a request for fees. (*569 E. County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 440 fn. 16.) Moreover, our concern about blended rates seems not to have materialized in the actual rate charged by Cobblestone's counsel: $180 per hour, even as a blended rate including paralegal time, is quite reasonable by today's standards.

With regard to the reasonable number of hours spent on the case, Cobblestone's counsel attested that her firm had spent 1,824 hours since the inception of the case in 2014. The court criticized this evidence, stating, "Defendants have not, however, supplied any time records, or itemized/descriptive invoices—*or even any task descriptions, by category or otherwise*—to show what the time-billers spent their time doing." The court concluded, "There is no information on which the Court can determine if the time was reasonably spent—i.e., whether it was necessary, not duplicative of another timekeeper's work, not excessive, and appropriate to each billing individual's level of experience or expertise."

Once again, we agree with the court's criticism, but not its conclusion. As the court recognized, a party seeking fees need not present billing records to the court. (*Raining Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, 1375 ["The law is clear, however, that an award of attorney fees may be based on counsel's declarations, without production of

8

detailed time records."].) "'Because time records are not required under California law . . ., there is no required level of detail that counsel must achieve.'" (*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 699.) Although counsel's declaration here was about as bare bones as one can imagine, it was an evidentiary starting point. "'The lack of detailed billing statements perhaps is relevant to the credibility of [the attorney's declaration]; however, the lack of billing statements does not automatically establish that there was insufficient evidence for the trial court to render a decision.'" (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 786.) "In addition to counsel's declaration, the court had its own docket as well as its own experience with the case from which to draw a conclusion about the reasonable hours spent." (*Syers Properties III, Inc. v. Rankin, supra,* 226 Cal.App.4th at pp. 698-699.) Here, "The same trial judge presided over the entire matter, was familiar with the record and issues, and was thus well equipped to evaluate the reasonableness of the time expended by . . . counsel." (*Sweetwater Union High School Dist. v. Julian Union Elementary School Dist.* (2019) 36 Cal.App.5th 970, 995.)

Based on the lack of details in counsel's declaration, the court would have been fully justified in imposing a substantial reduction to the hours counsel claimed to ensure Akin was not saddled with paying for duplicative or inefficient work. But counsel's declaration, coupled with the court's own experience with the case, provided it with an evidentiary basis upon which to estimate a reasonable number of hours. Indeed, in dismissing the case with prejudice, the court had already carefully considered "the long history of this action, as recited in the Motion and accompanying declaration (and as shown in the Court's own files) . . . ." This history provided the Court an evidentiary basis for estimating the reasonable number of hours counsel

9

spent on the case. Because Cobblestone had a right to attorney fees, and the trial court had a sufficient evidentiary basis to render an award in some amount, the complete denial of the motion was not supported by substantial evidence.

## II.

### THE FEE REQUEST WAS NOT UNREASONABLY INFLATED

The court's second basis for denying the motion was that the fee request was unreasonably inflated. "A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether. 'If . . . the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place. To discourage such greed, a severer reaction is needful. . . .'" (*Serrano v. Unruh* (1982) 32 Cal.3d 621, 635 (*Serrano*); see also *Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 990.) We review a court's decision to apply this rule for abuse of discretion. (*Chavez* at p. 990.)

Although the court did not explain its rationale in detail, the court presumably based its conclusion on the fact that Cobblestone's counsel actually charged $180/hour, but it then sought an hourly rate over three times higher at $631/hour. The question before us is whether this can be deemed an "outrageously unreasonable" rate. We conclude it cannot.

There is case precedent for counsel seeking—and obtaining—a lodestar rate significantly higher than the actual rate charged to the client. In *Nemecek & Cole v. Horn* (2012) 208 Cal.App.4th 641 (*Nemecek*) the defendant, who prevailed, was represented by counsel supplied by an insurer.

10

In the defendant's motion for attorney fees, counsel sought a lodestar rate of $419.43 per hour, which was based on a pay table for attorneys put out by the Department of Justice (the Laffey Matrix). Counsel did not disclose the firm's actual rate billed to the client. (*Id.* at pp. 650-651.) In opposition, the plaintiff presented expert testimony that insurance counsel of this nature would have billed the client between $100 and $215 per hour. (*Id.* at p. 651.) The trial court adopted approximately the $419.43 rate sought, and the plaintiff appealed. On appeal, the court held that the trial court was free to adopt the higher rate, even if that represented "an award of attorney fees that were not 'actually incurred.'" (*Id.* at p. 651.) The court concluded the actual billing rate did not set a maximum on what the court could award. (*Id.* at p. 652.)

Although we have some concerns about this holding, we need not actually decide whether *Nemecek* was correctly decided. The fact that the precedent exists means it was reasonable for Cobblestone to similarly seek a lodestar rate that was significantly higher than what it actually charged the client. Doing so cannot be considered "outrageously unreasonable" if it has specifically been approved of in a published decision. Otherwise, we would be punishing a party for simply *asking* for an amount based on a calculation formula a published decision has already approved.

*        *        *

Ultimately, although Cobblestone's evidence was thin, it was enough. This was a case that was litigated for several years and even went all the way to a trial. Cobblestone's unqualified victory entitled it to a fee award in *some* amount, even if that amount was substantially lower than what it sought, and this, coupled with the evidence of the actual blended hourly rate of $180 charged the client and the court's own knowledge of the case, was sufficient for the court to award a reasonable fee.

11

DISPOSITION

The order denying Cobblestone's motion for attorney fees is reversed. The matter is remanded for the court to reconsider the motion in light of our opinion.[1]

SANCHEZ, J.

I CONCUR:

MOORE, ACTING P. J.

---

[1] Akin filed a motion to dismiss this appeal. The motion is more in the nature of a respondent's brief. We deny the motion, but we exercise our discretion to treat the motion as a respondent's brief.

GOETHALS, J., dissenting:

I respectfully dissent.

The question before us on this appeal is not whether I would have granted all or any part of appellants' attorney fee motion. The question is whether or not the trial judge abused her discretion in denying that motion.

In *Serrano v. Unruh* (1982) 32 Cal.3d 621, our Supreme Court established that "[a] fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award *or deny [it] altogether*." (*Id.* at p. 635, italics added.)

Here, after considering the evidence and argument presented by appellants at the fee hearing, the experienced trial judge denied their fee request. Among other things, after reviewing the documentation submitted by appellants, the court found it was "impossible . . . to make a meaningful finding as to reasonable hourly rates." While I might have made at least a token award, based on the record before us I decline to substitute my judgment for that of the trial judge whose boots were on the ground.

I find no abuse of discretion here. I would therefore affirm the trial court's order.

GOETHALS, J.

1